UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

TYROME WILLIAM LOTT, SR.,

Plaintiff,

v. Civil Action No. 3:14cv45

MCH TRANSPORTATION CO., et al.

Defendants.

**ANSWER**

COME NOW MCH Transportation Co. and Hersie Tyson, Jr., by counsel, and as and for their Answer to the Complaint herein states as follows:

1. The allegations of paragraph 1 of the Complaint are a legal conclusion as to which no response is required of these defendants, but they call for the strict proof thereof.

2. On information and belief, the allegations of paragraph 2 of the Complaint are admitted.

3. The allegations of paragraph 3 of the Complaint are admitted.

4. The allegations of paragraph 4 of the Complaint are admitted, inasmuch as they allege that MCH Transportation Co. is a trucking company; however, the remaining allegations of this paragraph are legal conclusions to which no response is required from these defendants and they call for the strict proof thereof.

5. The allegations of paragraph 5 of the Complaint are admitted.

6. The allegations of paragraph 6 of the Complaint are admitted.

7. The allegations of paragraph 7 of the Complaint are denied, as worded.

8. The allegations of paragraph 8 of the Complaint are beyond the knowledge and information of this defendant and he can neither admit nor deny the same, but calls

for the strict proof thereof.

9. The allegations of paragraph 9 of the Complaint are admitted.

10. The allegations of paragraph 10 of the Complaint are admitted, on information and belief, inasmuch as they allege that plaintiff was operating a motorcycle westbound on Interstate 64 in New Kent County, Virginia, on May 12, 2012. These defendants are not advised as to the remaining allegations of paragraph 10 of the Complaint and neither admit not deny the same, but call for the strict proof thereof.

11. The allegations of paragraph 11 of the Complaint are admitted except that these defendants are not advised to the allegations describing the specific mile marker and can neither admit nor deny the same, but call for the strict proof thereof.

12. The allegations of paragraph 12 of the Complaint are admitted.

13. The allegations of paragraph 13 of the Complaint are beyond the knowledge of these defendants and they call for the strict proof thereof.

14. The allegations of paragraph 14 of the Complaint are beyond the knowledge of these defendants and they call for the strict proof thereof.

15. The allegations of paragraph 15 of the Complaint are denied.

16. The allegations of paragraph 16 of the Complaint are denied.

17. The allegations of paragraph 17 of the Complaint are denied.

18. The allegations of paragraphs 18, 19, and 20 of the Complaint relate to claims of injury, damage and/or loss of which these defendants are not advised and can neither admit nor deny the same, but he call for the strict proof thereof. To the extent that any such injury, damage and/or loss be proved, these defendants deny that it is the result of any act and/or omission on his, their or its part. These defendants further deny any

express or implied allegations of negligence, carelessness, or other wrongful conduct.

19 These defendants deny that he, it or they are indebted to plaintiff for any sum, for any reason.

20. These defendants deny each and every allegation of the Complaint which has not heretofore expressly and unambiguously been admitted.

21. These defendants will rely upon the defenses available to them based upon the evidence discovered between now and the time of trial and/or adduced upon trial including, but not limited to, statute of limitations, failure to mitigate damages, contributory negligence, superceding intervening cause, sudden emergency, and superceding intervening negligence of another.

22. These defendants reserve the right to amend this Answer in accordance with the Federal Rules of the Civil Procedure.

WHEREFORE, the defendants pray that the Complaint herein be dismissed, with costs, with prejudice.

MCH TRANSPORTATION CO. and HERSIE TYSON, Jr.

/s/

James A. Cales III, Esquire
Virginia State Bar No. 41317
Counsel for Defendants
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Circle, Suite 341B
Post Office Box 12525
Norfolk, Virginia 23541-0525
Telephone No. (757) 461-7100
Facsimile No. (757) 461-0083
E-mail: jcales@furnissdavis.com

James A. Cales III, Esquire
Virginia State Bar No. 41317
Jonathan R. Hyslop, Esquire
Virginia State Bar No. 78618
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Circle, Suite 341B
Post Office Box 12525
Norfolk, Virginia 23541-0525
Telephone No. (757) 461-7100
Facsimile No. (757) 461-0083

## CERTIFICATE

I hereby certify that on the 18th day of February, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Joseph S. Massie III, Esquire
Massie Law Firm, PC
102 E. Cary Street
Richmond, Virginia 23219
jmassie@massielawfirm.com

Michael J. Massie, Esquire
Massie Law Group
4406 West Norfolk Road, Suite D
Portsmouth, Virginia 23703
massielawgroup@gmail.com

Counsel for Plaintiff

/s/

James A. Cales III, Esquire
Virginia State Bar No. 41317
Counsel for Defendants
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Circle, Suite 341B
Post Office Box 12525
Norfolk, Virginia 23541-0525
Telephone No. (757) 461-7100
Facsimile No. (757) 461-0083
E-mail: jcales@furnissdavis.com